THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00129-MR

| | |
|---|---|
| MARGARET LOUISE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 18].

The Plaintiff seeks an award of attorney's fees and expenses in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 18]. The parties have stipulated to an award of fees in the amount of $5,182.00 and expenses in the amount of $23.44, for a total award of $5,205.44. [Docs. 17, 19-10]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of

attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court further concludes that the Plaintiff is entitled to reimbursement from the Treasury Judgment Fund of the $402.00 in costs incurred as a result of filing this action.

The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as the Plaintiff's assignee. In support of this request, the Plaintiff has submitted an affirmation executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of counsel. [Doc. 19-7]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to counsel and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 286 (2010).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 18] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees and expenses in the amount of Five Thousand Two Hundred Five Dollars and Forty-Four Cents ($5,205.44), which sum is in full satisfaction of any

and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset. Before any funds are disbursed to counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

3) The sum of Four Hundred and Two Dollars ($402.00) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

(4) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge